United States District Court
Southern District of Texas
**ENTERED**
January 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI MROUE and MARWA EL RAHI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-1483 |
| | § | |
| ANTONY J. BLINKEN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs Ali Mroue and Marwa El Rahi filed this civil action seeking a court order directing United States officials to reopen and reconsider a denied visa. Defendants filed a motion to dismiss all of Plaintiffs' claims (Dkt. 6), Plaintiffs responded (Dkt. 7), and Defendants replied (Dkt. 8). The motion is ripe for decision. Having considered the pleadings, the parties' briefing, the applicable authorities, and all matters of record, the Court will **GRANT** the motion to dismiss for the reasons explained below.

## I. BACKGROUND

Plaintiff Ali Mroue is an adult United States citizen. According to the complaint, he filed a Petition for Alien Relative (I-130) for his mother, Plaintiff Marwa El Rahi, on December 16, 2013. El Rahi filed an attendant application for an immigrant visa.

On October 30, 2014, United States Citizenship and Immigration Services (USCIS) approved Mroue's I-130 petition and forwarded it to the State Department for processing. Plaintiffs state that El Rahi then completed all requested documents and appeared for an

interview on July 27, 2015, at the United States consulate in Beirut. Plaintiffs state that officials asked El Rahi no questions at the interview about links to terrorist or criminal organizations. They advised her that her application would be held for administrative processing (Dkt. 1, at 4-5).

On June 6, 2017, El Rahi received a "refusal worksheet" informing her that consular officials had denied her visa under 8 U.S.C. § 1182(a)(3)(B), which sets terrorism-related grounds of inadmissibility.[1] Plaintiffs state that El Rahi's online status continued to reflect that her application was pending. They complain that officials gave El Rahi no information about the denial other than the statutory citation, and gave her no opportunity to rebut the denial. They maintain that El Rahi is a 64-year-old homemaker, that she previously lived in Houston when her husband completed undergraduate and post-doctoral studies, and that her husband's work has no links to terrorism or criminal activity (Dkt. 1, at 5).

In this lawsuit, Mroue and El Rahi seek to compel government officials to reopen El Rahi's visa application. They bring suit against Secretary of State Antony J. Blinken, Assistant Secretary of State for Consular Affairs Ian G. Brownlee, and Attorney General Merrick Garland, all in their official capacities. They claim that Defendants violated the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*. (APA), because their action was

---

[1] *See* 8 U.S.C. § 1182(a)(3)(B)(i) (providing that any alien is inadmissible if he or she fits within any of nine categories, including categories for an alien who has "engaged in a terrorist activity," is believed by certain U.S. officials to be engaged in or likely to engage in any terrorist activity, is "a member of a terrorist organization," has "received military-type training" from a terrorist organization, or is the spouse or child of someone inadmissible for these reasons).

arbitrary, capricious, not in accordance with the law, or without observance of procedure required by law. In particular, they allege that Defendants failed to provide specific evidence of El Rahi's inadmissibility and failed to give her an opportunity to rebut unfavorable information, in violation of the constitutional guarantee of due process (Dkt. 1, at 6-7). They seek declaratory relief under the APA, a writ of mandamus ordering Defendants to reopen Plaintiffs' application and to process it in accordance with the Court's instructions, and attorneys' fees and costs (*id*. at 8-9; Dkt. 1-1).

Defendants move to dismiss all of Plaintiffs' claims. Citing the facts recited in Plaintiffs' complaint, they state that USCIS approved Mroue's I-130 petition for El Rahi and then, in accordance with the two-step administrative process for relative visas, forwarded the petition to consular officials. Consular officials then referred El Rahi's visa application for administrative processing and later refused the visa under 8 U.S.C. § 1182(a)(3)(B). Defendants argue that the consular official's refusal of El Rahi's visa application is not reviewable by the courts and that Plaintiffs fail to show any violation of law. They further state that Plaintiffs have the option to reapply for a visa and to provide any favorable information.

Defendants seek dismissal of this civil action lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a

claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). The court's review is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the court if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004))).

### III. ANALYSIS

Plaintiffs challenge a consular official's decision to refuse El Rahi's visa under 8 U.S.C. § 1182(a)(3)(B). They seek a declaratory judgment and a writ of mandamus to compel Defendants to reopen the application, to explain the reasons behind the visa refusal, and to give them an opportunity to rebut the denial. They claim that review is available under the APA. Defendants seek dismissal based on the doctrine of consular non-reviewability, among other grounds. Based on recent guidance from the Supreme Court, the Court considers Defendants' motion under Rule 12(b)(6) rather than Rule

12(b)(1).²

As a preliminary matter, the Court notes that an application for a relative visa, although dependent on a citizen's I-130 petition, is considered separately. An approved I-130 petition establishes that the relative is a citizen's "immediate relative" eligible for an immigrant visa, thus permitting the relative to apply for the visa at the embassy or consulate in their country of residence. *See Del Valle*, 16 F.4th at 835-36 (citing relevant statutory and regulatory provisions). Congress has assigned the decision to grant or refuse an immigrant visa to consular officials:

> The Secretary of State shall be charged with the administration and the enforcement of the provisions of this chapter and all other immigration and nationality laws relating to (1) the powers, duties, and functions of diplomatic and consular officers of the United States, *except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas....*

8 U.S.C. § 1104(a) (emphasis added). *See* 8 U.S.C. § 1201; *Aggarwal v. Sec'y of State of U.S.*, 951 F. Supp. 642, 647-48 (S.D. Tex. 1996), *aff'd sub nom. Aggarwal v. Albright*, 124 F.3d 193 (5th Cir. 1997).

Under the "doctrine of consular non-reviewability," a consular official's visa denial generally is shielded from judicial review. *See Kleindienst v. Mandel,* 408 U.S. 753,

---

² *Trump v. Hawaii*, 138 S. Ct. 2392, 2407 (2018) ("we may assume without deciding that plaintiffs' statutory claims are reviewable, notwithstanding consular nonreviewability or any other statutory nonreviewability issue, and we proceed on that basis"). *See Del Valle v. Sec'y of State, United States Dep't of State*, 16 F.4th 832, 838 (11th Cir. 2021); *Baan Rao Thai Restaurant v. Pompeo*, 985 F.3d 1020, 1028-29 (D.C. Cir. 2021).

769-70 (1972); *Baan Rao*, 985 F.3d at 1024-25. The Fifth Circuit has long held that "the denial of visas to aliens is not subject to review by the federal courts." *Centeno v. Shultz*, 817 F.2d 1212, 1213 (5th Cir.1987) (per curiam) (citing *Mandel*, 408 U.S. at 766). As the Supreme Court recently affirmed, decisions regarding admission of foreign nationals are "a fundamental sovereign attribute exercised by the Government's political departments" and are "largely immune from judicial control" because the decisions "may implicate relations with foreign powers or involve classifications defined in the light of changing political and economic circumstances." *Trump*, 138 S. Ct. at 2418-19 (cleaned up).

Courts have carved out two narrow exceptions to the consular non-reviewability doctrine. "First, an American citizen can challenge the exclusion of a noncitizen if it burdens the citizen's constitutional rights." *Baan Rao*, 985 F.3d at 1024-25 (citing *Trump*, 138 S. Ct. at 2416). Under this exception, a court may conduct a limited inquiry into whether the consular officer provided a "facially legitimate and bona fide" basis for the denial. *Mandel*, 408 U.S. at 770; *Sesay v. United States*, 984 F.3d 312, 315 (4th Cir. 2021). Second, an exception exists "if a statute expressly authorizes judicial review of consular officers' actions." *Baan Rao*, 985 F.3d at 1025 (cleaned up).

In this case, Plaintiffs rely on the first exception to non-reviewability, basing their APA claim on the due-process rights Mroue enjoys as a United States citizen. The parties disagree as to whether Mroue, as El Rahi's adult son, has a protected liberty interest in his mother's visa application. However, the Court need not resolve this issue because, even

assuming that Mroue has a protected interest, Plaintiffs' due-process claim would fail.

In 2015, the Supreme Court decided *Kerry v. Din*, 576 U.S. 86 (2015), which presented facts very similar to those in the case at bar. Like Plaintiffs in this suit, the *Din* plaintiffs challenged the denial of an immigrant visa that provided no explanation beyond a citation to § 1182(a)(3)(B). Like Plaintiffs here, the *Din* plaintiff brought claims under the APA, among others, and argued that the consular official's denial did not comport with due-process protections. Justice Kennedy, in his controlling concurrence, determined that the consular official's citation to 8 U.S.C. § 1182(a)(3)(B) sufficed as a facially legitimate and bona fide basis for the visa refusal:

> Here, the consular officer's determination that Din's husband was ineligible for a visa was controlled by specific statutory factors. The provisions of § 1182(a)(3)(B) establish specific criteria for determining terrorism-related inadmissibility. The consular officer's citation of that provision suffices to show that the denial rested on a determination that Din's husband did not satisfy the statute's requirements. Given Congress' plenary power to supply the conditions of the privilege of entry into the United States, it follows that the Government's decision to exclude an alien it determines does not satisfy one or more of those conditions is facially legitimate under *Mandel*.
>
> The Government's citation of § 1182(a)(3)(B) also indicates it relied upon a bona fide factual basis for denying a visa . . . . Absent an affirmative showing of bad faith on the part of the consular officer who denied [the] visa—which Din has not plausibly alleged with sufficient particularity—*Mandel* instructs us not to "look behind" the Government's exclusion of [Din's husband] for additional factual details beyond what its express reliance on § 1182(a)(3)(B) encompassed.

*Kerry v. Din*, 576 U.S. 86, 104-05 (2015) (Kennedy, J., concurring) (cleaned up); *see Mandel*, 408 U.S. at 770. Justice Kennedy's opinion further determined that officials

8/10

were not required to cite a specific subsection of § 1182(a)(3)(B), despite the "broad range of conduct" covered by the provision, noting that Congress had refrained from imposing such a requirement in the sensitive area of terrorism and national security.  *Din*, 576 U.S. at 105-06.

Plaintiffs argue that it is impossible for this Court to determine whether the officials who refused El Rahi's visa application relied on a legitimate or bona fide basis and that officials should be required to provide further explanation.  *See* Dkt. 7, at 6 (citing *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115 (2d Cir. 2009)).  Under *Din*, however, the official's citation to § 1182(a)(3)(B) is sufficient.  *Din*, 576 U.S. at 104-06; *see Sesay*, 984 F.3d at 315-16; *Del Valle*, 16 F.4th at 841-42.  Once officials provide a sufficient reason, courts will not "look behind" the decision and will not test it "by balancing its justification against the constitutional interests of citizens the visa denial might implicate."  *Din*, 576 U.S. at 104 (quoting *Mandel*, 408 U.S. at 770) (cleaned up).  Therefore, even assuming that Plaintiffs could fit within an exception to the doctrine of consular non-reviewability, the authority in *Din* and *Mandel* would foreclose Plaintiffs' arguments under the APA or Due Process Clause.

Additionally, any other exercise of jurisdiction over Plaintiff's claims based on a federal question, mandamus authority, or the APA would violate the non-reviewability doctrine.  *See Perales v. Casillas*, 903 F.2d 1043 (5th Cir. 1990); *Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 735 (S.D. Tex. 2009); *Aggarwal,* 951 F.Supp. at 648.

## IV.  CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (Dkt. 6) is **GRANTED**. Plaintiff's claims are dismissed for failure to state a claim upon which relief can be granted.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on January 27, 2022.

George C. Hanks, Jr
United States District Judge